Nicholas J. Ferraro (State Bar No. 306528)
Lauren N. Vega (State Bar No. 306525)
Ferraro Vega Employment Lawyers, Inc.
3160 Camino del Rio South, Suite 308
San Diego, California 92108
(619) 693-7727 main / (619) 350-6855 fax
nick@ferrarovega.com / lauren@ferrarovega.com

*Attorneys for Plaintiff Samantha Mendez*

# UNITES STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMANTHA MENDEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AE RETAIL WEST LLC;<br>AE OUTFITTERS RETAIL CO.;<br>AMERICAN EAGLE OUTFITTERS, INC.,<br><br>Defendants. | Case No. **'23CV0269 CAB JLB**<br><br>**CLASS ACTION**<br><br>**Class and Collective Action Complaint**<br><br>1. Failure to Pay Overtime at Lawful Rate (FLSA, 29 U.S.C. §§ 201 *et seq.*)<br><br>2. Failure to Pay Overtime at Lawful Rate (Labor Code §§ 510, 1194, 1198)<br><br>3. Failure to Pay Premium Wages at Lawful Rate (Labor Code §§ 226.7 512)<br><br>4. Failure to Pay Sick Pay at Lawful Rate (Labor Code §§ 200, 218, 246, 248 *et seq.*)<br><br>5. Untimely Payment of Wages (Labor Code § 204, 210, 218)<br><br>6. Wage Statement Violations (Labor Code § 226)<br><br>7. Waiting Time Penalties (Labor Code § 203)<br><br>8. Unfair Competition (Bus. & Prof. Code §§ 17200 *et seq.*) |

Plaintiff SAMANTHA MENDEZ, individually and on behalf of all others similarly situated ("Plaintiff") brings this CLASS AND COLLECTIVE ACTION COMPLAINT against Defendants AE RETAIL WEST LLC; AE OUTFITTERS RETAIL CO.; and AMERICAN EAGLE OUTFITTERS, INC. (collectively "Defendants" or "American Eagle"), alleging as follows:

## INTRODUCTION

1.     This is a wage and hour class and collective action against American Eagle for failing to include all required forms of remuneration, including bonuses, in the "regular rate" of pay/compensation used to lawfully calculate and pay overtime, sick pay, and premiums to employees under state and federal law.

2.     As a result of this practice, American Eagle has underpaid overtime wages, sick wages, and Labor Code § 226.7 premiums to the "California Class" and overtime wages to the "FLSA Collective," which are defined as follows:

   a.     All current and former non-exempt hourly employees of American Eagle [1] who worked in the State of California at any time during the four years preceding the filing of this action through the present date (plus the additional 178-day statutory tolling period under Emergency Rule 9), and [2] who were paid overtime wages, statutory sick pay wages, and/or Labor Code § 226.7 premiums in the same pay period in which they were also paid non-excludable forms of remuneration (including "FIELD BON-ASM" and other "Field Bonuses," commissions, bonuses, and differentials) (hereinafter, the "California Class Members" or "California Class" and the "California Class Period").

   b.     All current and former non-exempt hourly employees of American Eagle [1] who worked in the United States of America at any time during the three years preceding the filing of this action through the present date, and [2] who were paid overtime wages in the same

- 1 -

pay period in which they were also paid non-excludable forms of remuneration (including "FIELD BON-ASM" and other "Field Bonuses," commissions, bonuses, and differentials) (hereinafter, the "Collective Members" or "FLSA Collective" and the "FLSA Period").

2.     The California Class Period and FLSA Period shall be hereinafter referred to together as the "Statutory Periods."

3.     In connection with these allegations and claims, Plaintiff seeks to recover, on behalf of the California Class and FLSA Collective, the underpaid wages with interest, along with the associated statutory penalties for liquidated damages, wage statement violations, untimely payment of wages, and waiting time, as applicable, along with attorneys' fees and costs of suit.

## JURISDICTION & VENUE

4.     This Court has original federal question jurisdiction under 28 U.S.C. §1331 because this case is brought, in part, under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, along with jurisdiction under 29 U.S.C. § 216(b) (FLSA actions "may be maintained against any employer … in any Federal or State court of competent jurisdiction").

5.     This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367 because the state law wage and hour claims are related with the federal wage and hour claims and form part of the same case or controversy under Article III of the United States Constitution.

6.     Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims arose in this district, as Plaintiff worked for American Eagle in San Diego County, and now brings claims on behalf of a California class of current and former California employees who worked throughout California, including in San Diego County.

CLASS AND COLLECTIVE ACTION COMPLAINT
*Mendez v. AE Retail West LLC et al.*

## PARTIES

**A.    Plaintiff Samantha Mendez**

7.    Plaintiff Mendez is an individual over 18 years of age who is now, and at all relevant times was, a resident of San Diego, State of California.  Plaintiff worked for American Eagle in San Diego County, California as a non-exempt employee from about March 2022 to October 2022.

8.    Plaintiff worked as an Assistant Manager/Merchandise Team Lead.

9.    During her employment, Plaintiff earned regular wages, overtime wages, "MEAL PREM," "Covid19 Hours," and "FIELD BON-ASM," among other forms of compensation.

10.    American Eagle did not factor the "FIELD BON-ASM" into Plaintiff's "regular rate of pay" for purposes of her overtime rate pursuant to Labor Code § 510 and 29 U.S.C. § 207(a)(1).

11.    American Eagle did not factor the "FIELD BON-ASM" into Plaintiff's "regular rate of compensation" for purposes of paying her premium wages pursuant to Labor Code § 226.7.

12.    American Eagle did not factor the "FIELD BON-ASM" into Plaintiff's hourly rate for purposes of paying California's statutory sick pay pursuant to Labor Code §§ 246 and 248 *et seq.*

**B.    Defendants**

13.    Throughout the Statutory Periods, each of the named American Eagle defendants was an employer—under the FLSA, 29 U.S.C. § 203(d), and the California Labor Code—of Plaintiff and the Class and Collective.

14.    Defendant AE Retail West LLC is a Delaware limited liability company that maintains operations and conducts business throughout the State of California, including in San Diego County.

15.    AE Retail West LLC is listed as Plaintiff's employer on various employment documents, including her wage statements.

- 3 -

CLASS AND COLLECTIVE ACTION COMPLAINT
*Mendez v. AE Retail West LLC et al.*

16. Defendant AE Outfitters Retail Co. is a Delaware corporation that maintains operations and conducts business throughout the State of California, including in San Diego County.

17. Upon information and belief, AE Outfitters Retail Co. employs putative Class and Collective Members subject to the same policies and practices alleged in this Complaint.

18. Defendant American Eagle Outfitters, Inc. is a Delaware corporation that maintains operations and conducts business throughout the State of California, including in San Diego County.

19. American Eagle Outfitters, Inc. is listed as Plaintiff's employer on various employment documents, including American Eagle's background check forms.

20. This Complaint may be amended to reflect their true names and capacities of other American Eagle entities, subsidiaries, parents, or related entities that employed Class and Collective Members subject to the same policies and practices alleged in this Complaint.

21. Upon information and belief, the American Eagle defendants in this action are employers, co-employers, joint employers, and/or part of an integrated employer enterprise known as American Eagle, as each of the American Eagle defendants exercised control over the wages, hours, and working conditions of the employees, suffered and permitted them to work, and otherwise engaged them as employees under California law, including through employment of the Class and Collective Members through common employment policies and practices, such as the operative employee handbooks; payment, processing, and administration of wages through a common payroll department; integrated onboarding practices; and common decision making with respect to the policies and practices alleged herein.

22. Upon information and belief, the American Eagle defendants have common ownership, common management, interrelationship of operations, and

CLASS AND COLLECTIVE ACTION COMPLAINT
*Mendez v. AE Retail West LLC et al.*

centralized control over labor relations and are therefore part of an integrated enterprise and thus jointly and severally responsible for the acts and omissions alleged herein.

23.    American Eagle has employed Class and Collective Members at its locations nationwide.

24.    American Eagle paid bonuses and other forms of non-excludable remuneration to Plaintiff and other Class and Collective Members during the Statutory Periods.

25.    Some of these payments are designated as line items on wage statements for Class Members, including Plaintiff, with the label "FIELD BON-ASM."

26.    "FIELD BON-ASM" is an abbreviation of Field Bonus-ASM.

27.    An example of the "FIELD BON-ASM" payment appears on Plaintiff's wage statement for the pay period of 06/05/2022 to 06/24/2022.

28.    American Eagle was required to include bonuses, commissions, differentials, and other forms of non-excludable remuneration in the regular rate of pay for purposes of calculating and paying overtime to Plaintiff and Class and Collective Members during the Statutory Periods, but failed to do so as a matter of common practice.

29.    American Eagle was required to include bonuses, commissions, differentials, and other forms of non-excludable remuneration in the regular rate of pay for purposes of calculating and paying meal and rest period premiums to Plaintiff and California Class Members during the California Class Period, but failed to do so as a matter of common practice. *Ferra v. Loews Hollywood Hotel, LLC*, 11 Cal. 5th 858, 862 (2021).

30.    American Eagle was required to include bonuses, commissions, differentials, and other forms of non-excludable remuneration in the regular rate of pay for purposes of calculating and paying sick pay wages to Plaintiff and California Class Members during the California Class Period, but failed to do so as a matter of common practice.

CLASS AND COLLECTIVE ACTION COMPLAINT
*Mendez v. AE Retail West LLC et al.*

31.     American Eagle instead excluded from these and other non-excludable amounts from the regular rate calculation without a legal basis, in violation of California and federal wage and hour laws.

32.     Plaintiff is informed, believes, and alleges the FLSA Collective and California Class Members received similar bonus, differential, and commission payments (which may bear the same or different description on each employee's wage statement) during the respective Statutory Periods.

33.     Plaintiff is informed, believes, and alleges the FLSA Collective and California Class Members can be readily identified by records that American Eagle is required to maintain in connection with their state and federal legal recordkeeping obligations.

34.     In pay periods when Plaintiff earned overtime, sick pay, or Labor Code § 226.7 premiums, American Eagle calculated and paid Plaintiff and Class Members based only on their respective straight time base hourly rates, not their respective regular rate of pay, which includes the "FIELD BON-ASM" payments, bonuses, commissions, differentials, among other sums.

35.     American Eagle underpaid overtime to Plaintiff, the FLSA Collective, and California Class Members by not including all required forms of non-excludable remuneration in the regular rate of pay during the respective Statutory Periods.

36.     By way of example, on Plaintiff received two wage statements for the pay period of 06/05/2022 to 06/18/2022; one for a $150.00 "Field Bonus" and the second for regular, Covid sick pay, and meal period premiums.

37.     For this pay period, Plaintiff was paid overtime at a rate of $43.60, a one and one-half time multiple of Plaintiff's *straight time* hourly rate of $29.00, which Plaintiff was paid for regular hours.

38.     For this pay period, Plaintiff was paid for "Covid19 Hours" (i.e., statutory sick pay) at Plaintiff's *straight time* hourly rate of $29.00, which Plaintiff was paid for regular hours.

CLASS AND COLLECTIVE ACTION COMPLAINT
*Mendez v. AE Retail West LLC et al.*

39.     For this pay period, Plaintiff was paid for "MEAL PREM" (i.e., Labor Code § 226.7) at Plaintiff's *straight time* hourly rate of $29.00, which Plaintiff was paid for regular hours.

40.     For each earning category, American Eagle excluded the "Field Bonus" remuneration on this wage statement from the regular rate calculation for the pay period, which would have increased Plaintiff's overtime rate above a simple straight time 1.5x multiple of the base rate.

41.     American Eagle engaged in this policy and practice with respect to other California Class Members and the FLSA Collective, resulting in overtime underpayments.

42.     American Eagle underpaid premiums due under Labor Code § 226.7 to Plaintiff and California Class Members by not including all required forms of non-excludable remuneration in the regular rate of compensation during the respective Statutory Periods.  *See, e.g., Ferra v. Loews Hollywood Hotel, LLC*, 11 Cal. 5th 858, 862 (2021) ("We hold that the terms are synonymous: "regular rate of compensation" under section 226.7(c), like "regular rate of pay" under section 510(a), encompasses all nondiscretionary payments, not just hourly wages").

43.     American Eagle engaged in this policy and practice with respect to other California Class Members, resulting in premium underpayments.

44.     As a result of the foregoing regular rate violations, American Eagle failed to pay all overtime wages and premiums in each pay period in which they were earned by Plaintiff and California Class Members.  American Eagle has thus violated Labor Code § 204 and/or 204b (for any weekly employees), which requires timely payment of all wages each regularly scheduled pay period.  As a result, American Eagle is liable for the statutory penalties set forth in Labor Code § 210.  *See* Labor Code § 218 (authorizing "any wage claimant to sue directly … for any wages or penalty due him under this article.)

45.    As a further result of the foregoing regular rate violations, American Eagle failed to pay all overtime wages, sick pay wages, and Labor Code § 226.7 premiums due to Plaintiff and California Class Members upon separation of employment, or within 72 hours thereof.  American Eagle has thus violated Labor Code §§ 201-203, which requires that if an employer fires an employee all wages must be paid immediately; and, Labor Code § 202(a), which requires that if an employee quits without providing at least 72 hours' notice, his or her final wages must be paid no later than 72 hours thereafter; or, if at least 72 hours' notice is provided, then the employer must pay the wages immediately upon the employee's final day of employment. American Eagle has thus violated Labor Code §§ 201 and 202 because it failed to pay all overtime wages and premium pay during the Statutory Periods at the "regular rate" resulting in underpayments.  As a result, American Eagle is liable for waiting time penalties set forth in Labor Code § 203.

46.    Furthermore, American Eagle issued wage statements to Plaintiff and, on information and belief, other California Class Members, which contain at least three distinct types of violations.

47.    First, on each wage statement furnished to Plaintiff and, on information and belief, the California Class Members, American Eagle failed to accurately state "gross wages earned" and "net wages earned" in violation of Labor Code § 226(a)(1), and (5), as Plaintiff and California Class Members earned overtime, sick pay, and Labor Code § 226.7 premiums at the regular rate of pay (or multiple thereof, for overtime wages), but were instead paid based on a straight time multiple, resulting in an inaccurate itemization of "gross wages" and "net wages" on those wage statements due to the underpayment.

48.    Second, on each wage statement furnished to Plaintiff and, on information and belief, the California Class Members, American Eagle failed to accurately state "all applicable hourly rates in effect during the pay period" in violation of Labor Code § 226(a)(9), as Plaintiff and California Class Members earned overtime at a 1.5x or 2.0x

- 8 -

multiple the regular rate of pay, but were instead paid based on a straight time multiple, resulting in an inaccurate itemization of the "applicable hourly rates in effect during the pay period" on those wage statements. Additionally, Plaintiff and California Class Members earned sick pay and Labor Code § 226.7 premiums at the statutory regular rate of compensation, but were instead paid at their straight time base rate, resulting in an inaccurate itemization of the "applicable hourly rates in effect during the pay period" on those wage statements.

49. These wage statement defects are the result of American Eagle's failure to pay wages at the correct "regular rate of pay" or similar statutory calculation thus rendering the wage statement total amounts inaccurate.

50. American Eagle's wage statement issues described above rendered the wage statements inaccurate and confusing to Plaintiff and California Class Members, concealing the regular rate underpayments and presenting a false portrayal of accuracy on the wage statements relied upon by Plaintiff and California Class Members as the primary documentary evidence of their respective earnings.

51. Plaintiff and California Class Members suffered injury in the form of confusion regarding amounts paid for hours worked, and in the form of concealment of the common payroll practices causing the violations and underpayment of wages and wage statement deficiencies as addressed in this Complaint.

52. Plaintiff is informed and believes, and alleges, California Class Members were misinformed by the wage statements with respect to their lawful hourly rates, and gross and net wages. As a result of the inaccuracies on the wage statements, Plaintiff , on information and belief, California Class Members were led to believe that the hourly rates and net and gross wages reflected were a complete and accurate reflection of the wages earned under the law.

53. American Eagle's wage statement violations were knowing and intentional as a matter of law with respect to Plaintiff and California Class Members given that the legal obligation was not disputed, the wage statement and wage and hour laws are clear

and unambiguous as written, and because American Eagle nevertheless failed to comply despite the means and ability to do so.

54.    Plaintiff is informed and believes, and alleges, that American Eagle knew or should have known that the compensation should have been included in the regular rate of pay for the Class Members and the regular rate of compensation for the California Class Members.

55.    However, notwithstanding the plain language of the respective statutes, American Eagle failed to comply, resulting in underpayments of wages and premiums to the Class Members.

56.    Plaintiff brings the First Cause of Action individually and on behalf of all others similarly situated pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime wages, liquidated damages, and other damages related to American Eagle's violation of the FLSA.

57.    Plaintiff pursues the requested relief on behalf of the FLSA Collective:

58.    Plaintiff is a member of the FLSA Collective Plaintiff seeks to represent because Plaintiff worked in the United States of America within the past three years for American Eagle and was paid overtime wages in the same pay period in which Plaintiff was paid other non-excludable forms of remuneration.

59.    Although Plaintiff and the FLSA Collective may have had different job titles, worked in different states or at different locations, and received different hourly rates of pay, this action may be properly maintained as a collective action because Plaintiff and the FLSA Collective were similarly situated as follows:

   a.    Plaintiff and the FLSA Collective were all hourly, non-exempt employees.

   b.    Plaintiff and the FLSA Collective were subject to American Eagle's policies, practices, and directives with respect to overtime pay.

   c.    Plaintiff and the FLSA Collective were paid overtime wages.

d.  Plaintiff and the FLSA Collective were paid non-excludable forms of remuneration (including "FIELD BON-ASM" and other "Field Bonuses," commissions, bonuses, and differentials).

e.  Regardless of their job title or location, American Eagle did not pay Plaintiff and the FLSA Collective at an overtime rate of at least 1.5x their regular rate of pay for all overtime hours.

60.  Plaintiff estimates that the FLSA Collective, including current and former employees during the FLSA Period, will exceed one hundred members, though the precise number of individuals in the FLSA Collective should be readily available from American Eagle's personnel file records and other personnel and pay records they are required to keep and maintain under state and federal laws.

61.  The First Cause of Action is properly brought and maintained pursuant to 29 U.S.C. 216(b).  The FLSA Collective can be provided notice by first class mail and/or email to the last addresses known to their employer.

## CALIFORNIA CLASS ACTION

62.  Plaintiff brings the Second through Eighth Causes of Action individually and on behalf of all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover unpaid wages, unpaid premiums, penalties, and other damages related to American Eagle's violation of the California Labor Code and IWC Wage Orders.

63.  Plaintiff pursues the requested relief on behalf of the following California Class:

a.  All current and former non-exempt hourly employees of American Eagle [1] who worked in the State of California at any time during the four years preceding the filing of this action through the present date (plus the additional 178-day statutory tolling period under Emergency Rule 9), and [2] who were paid overtime wages, statutory sick pay wages, and/or Labor Code § 226.7 premiums in

CLASS AND COLLECTIVE ACTION COMPLAINT
*Mendez v. AE Retail West LLC et al.*

the same pay period in which they were also paid non-excludable forms of remuneration (including "FIELD BON-ASM" and other "Field Bonuses," commissions, bonuses, and differentials).

64.    Plaintiff is a member of the California Class Plaintiff seeks to represent because Plaintiff worked in the State of California within the past four years (including within the past 12 months) for American Eagle, and because Plaintiff was paid overtime, statutory sick pay, and premiums under Labor Code § 226.7 in pay periods in which Plaintiff was also paid other non-excludable forms of remuneration.

65.    Plaintiff estimates that the California Class, including current and former employees during the California Class Period, will exceed one thousand members, though the precise number of individuals in the California should be readily available from American Eagle's personnel file records and other personnel and pay records they are required to keep and maintain under state and federal laws.

66.    Plaintiff seeks to certify subclasses of the California Class:

a.    All California Class Members whose employment with American Eagle terminated at any time during the three years preceding the filing of this action through the present date (plus the additional 178-day statutory tolling period under Emergency Rule 9) (hereinafter, the "Waiting Time Subclass").

b.    All California Class Members who received a wage statement from American Eagle at any time during the one-year period preceding the filing of this action through the present date (hereinafter, the "Wage Statement Subclass").

67.    This action has been brought and may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined common interest of many persons, and it is impractical to bring them all before the Court.  Plaintiff reserves the right to modify the California Class description or further divide it into subclasses.

68.    **Ascertainability**: The proposed California Class and its subclasses are ascertainable because they can be identified and located using American Eagle's payroll, employment, and personnel records.

69.    **Numerosity**: The potential members of the California Class and its subclasses as defined is so numerous that joinder of all members would be infeasible and impractical.  The disposition of their claims through this class action will benefit both the parties and this Court.  The number of members of the California Class and subclasses is unknown to Plaintiff but is estimated to be more than 1,000 individuals. The number and identity of members can be readily ascertained using American Eagle's records.

70.    **Typicality**: Plaintiff's claims are typical of California Class and its subclasses because all sustained similar damages arising out of American Eagle's common course of conduct in violation of law, particularly with respect to American Eagle's failure to include all forms of remuneration in the regular rate of pay for purposes of calculating and paying overtime, statutory sick pay, and Labor Code § 226.7 wages.

71.    **Adequacy**: Plaintiff is an adequate representative of the California Class, will fairly protect the interests of California Class, has no interests antagonistic to California Class Members.  Plaintiff will vigorously pursue this lawsuit.  Plaintiff's attorneys are competent, skilled, and experienced in litigating large wage and hour class actions.

72.    **Superiority**:  A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Each California Class Member has been damaged, and is entitled to recovery, because of American Eagle's unlawful policies.  A class action will allow litigation of claims in the most efficient and economical manner for the parties and judicial system.  Plaintiff is unaware of any likely difficulties in managing this action that precludes a class action.

CLASS AND COLLECTIVE ACTION COMPLAINT
*Mendez v. AE Retail West LLC et al.*

73.   Although Plaintiff and the California Class Members may have had different job titles, worked in different cities and counties, and received different hourly rates of pay, this action may be properly maintained as a class action because Plaintiff and the California Class were similarly situated:

    a.    Plaintiff and the California Class Members were all hourly, non-exempt employees.

    b.    Plaintiff and the California Class Members were subject to American Eagle's policies, practices, and directives with respect to overtime pay.

    c.    Plaintiff and the California Class Members were paid overtime wages, statutory sick pay, and/or premium wages under Labor Code § 226.7.

    d.    Plaintiff and the California Class Members were also paid non-excludable forms of remuneration (including "FIELD BON-ASM" and other "Field Bonuses," commissions, bonuses, and differentials).

    e.    Regardless of their job title or location, American Eagle did not pay Plaintiff and the California Class Members at an overtime rate of at least 1.5x their regular rate of pay for all overtime hours.

    f.    Regardless of their job title or location, American Eagle did not pay Plaintiff and the California Class Members premium pay under Labor Code § 226.7 at the lawful regular rate of compensation.

    g.    Regardless of their job title or location, American Eagle did not pay Plaintiff and the California Class Members statutory sick pay under one of the lawful methods provided in Labor Code §§ 246 and 248 *et seq.*, as applicable.

74.   Common questions of law and fact as to the class members predominate over questions affecting only individual members.  The common questions of law and

CLASS AND COLLECTIVE ACTION COMPLAINT
*Mendez v. AE Retail West LLC et al.*

fact exist as to whether the employment policies and practices formulated by Defendants and applied to the class members constitute violate California law.

## FIRST CAUSE OF ACTION

### FAILURE TO PAY OVERTIME AT LAWFUL RATE

### Violation of the Fair Labor Standards Act

75. All outside paragraphs of this Complaint are incorporated into this section.

76. This cause of action is brought by Plaintiff and the FLSA Collective pursuant to 29 U.S.C. §§ 203, 207, and 255, which require non-exempt employees be paid overtime wages all overtime hours worked, and which further provide a private right of action for an employer's failure to pay all overtime compensation for overtime hours worked.

77. Defendants are an "employer" engaged in "interstate commerce" within the meaning of 29 U.S.C. § 203.

78. Defendants have employed, and continue to employ Plaintiff and the FLSA collective as "employee[s] within the meaning of the Fair Labor Standards Act."

79. Defendants knowingly, willfully, and intentionally failed to compensate Plaintiff and the FLSA Collective all overtime wages due under the FLSA, as mandated by 29 U.S.C. § 207(a).

80. Defendants employed Plaintiff and the FLSA Collective to work, and they did work, in excess of 40 hours in a workweek.

81. Defendants paid Plaintiff and the FLSA Collective forms of remuneration that were not included in the "regular rate of pay" used to calculate and pay overtime to them in accordance with the FLSA.

82. The additional forms of remuneration were not subject to exclusion from the regular rate of pay pursuant to one of the unambiguous eight exclusions set forth in 29 U.S.C. § 207(e)(1) through (8).

CLASS AND COLLECTIVE ACTION COMPLAINT
*Mendez v. AE Retail West LLC et al.*

83.    Because Defendants' violations of the FLSA have been willful, in plain violation of 29 U.S.C. § 207(a)(1), a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

84.    Plaintiff is a member of the FLSA Collective Plaintiff seeks to represent because Plaintiff worked in the United States of America within the past three years for Defendants and was paid overtime wages in the same pay period in which Plaintiff also received additional forms of non-excludable remuneration, such as bonuses.

85.    Although Plaintiff and the FLSA Collective may have had different job titles, worked in different states or at different locations, and received different hourly rates of pay, this action may be properly maintained as a collective action because Plaintiff and the FLSA Collective were similarly situated as follows:

> a.    Plaintiff and the FLSA Collective were all hourly, non-exempt employees.

> b.    Plaintiff and the FLSA Collective were subject to Defendants' policies, practices, and directives with respect to overtime pay.

> c.    Plaintiff and the FLSA Collective were paid overtime wages.

> d.    Plaintiff and the FLSA Collective were paid additional forms of remuneration, such as bonuses;

> e.    Regardless of their job title or location, Defendants did not pay Plaintiff and the FLSA Collective at an overtime rate of at least 1.5x their regular rate of pay for all overtime hours.

86.    Plaintiff and the FLSA Collective have been harmed as a direct and proximate result of Defendants' unlawful conduct because they have been deprived of overtime wages owed for time worked more than 40 hours work week (i.e., due to the regular rate underpayments).

87.    The FLSA Collective can be provided notice by first class mail and/or email to the last addresses known to their employer.

CLASS AND COLLECTIVE ACTION COMPLAINT
*Mendez v. AE Retail West LLC et al.*

88.     Plaintiff and the FLSA Collective are entitled to recover to the full amount of unpaid overtime wages owed, in addition to liquidated damages, interest, penalties, and attorneys' fees, and costs to the extent permitted by law, including under 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES AT LAWFUL RATE

### Violation of Labor Code §§ 510, 1194, and 1198

89.     All outside paragraphs of this Complaint are incorporated into this section.

90.     This cause of action is brought pursuant to the IWC Wage Orders and Labor Code §§ 204, 510, 558, 1194, and 1198, which require non-exempt employees be timely paid overtime wages all overtime hours worked, and which further provide a private right of action for an employer's failure to pay all overtime compensation for overtime hours worked.

91.     Defendants failed in their affirmative obligation to pay Plaintiff and class members no less than one and one-half times their respective "regular rate of pay" for all hours worked in excess of eight hours in one day, 40 hours in one week, or the first eight hours worked on the seventh day of work in any one workweek, and no less than twice their respective "regular rate of pay" for all hours over 12 hours in one day and any work in excess of eight hours on any seventh day of a workweek for such hours worked, in violation of Labor Code §§ 204, 510, 558, 1194, and 1198 and the IWC Wage Orders (the "Hours and Days of Work" sections of the applicable orders).

92.     Plaintiff and Class Members are entitled to recover to the full amount of the unpaid overtime, in addition to interest, statutory and civil penalties, and attorneys' fees, and costs to the extent permitted by law.

## THIRD CAUSE OF ACTION

### FAILURE TO PAY PREMIUM WAGES AT LAWFUL RATE

### Violation of Labor Code §§ 226.7 and 512

93.     All outside paragraphs of this Complaint are incorporated into this section.

- 17 -

94.     This cause of action is brought pursuant to the IWC Wage Orders and Labor Code §§ 226.7, 558 and 512, which require non-exempt employees be provided complaint meal periods (or meal period premiums in lieu thereof), and which further provide a private right of action for an employer's failure to lawfully provide all meal periods and/or pay meal period premiums at the lawful regular rate of compensation.

95.     This cause of action is further brought pursuant to the IWC Wage Orders and Labor Code §§ 226.7 and 516, which require non-exempt employees be authorized to take complaint rest periods (or rest period premiums in lieu thereof), and which further provide a private right of action for an employer's failure to lawfully provide all rest periods and/or pay rest period premiums at the lawful regular rate of compensation.

96.     Defendants willfully failed in their affirmative obligation to consistently pay Plaintiff and Class Members one additional hour of pay at the respective regular rate of compensation for each workday that a fully compliant meal period was not provided, in violation of Labor Code §§ 226.7, 512, 558, and 1198 and the IWC Wage Orders (the "Meal Periods" sections of the applicable orders).

97.     Defendants willfully failed in their affirmative obligation to consistently pay Plaintiff and class members one additional hour of pay at the respective regular rate of compensation for each workday that a fully compliant rest period was not provided, in violation of Labor Code §§ 226.7, 516, 558, and 1198 and the IWC Wage Orders.

98.     Plaintiff and Class Members are entitled to recover to the full amount of the Labor Code § 226.7 premiums owed, in addition to interest, statutory and civil penalties, and attorneys' fees, and costs to the extent permitted by law.

## FOURTH CAUSE OF ACTION

### FAILURE TO PAY SICK PAY AT LAWFUL RATE

### Violation of Labor Code §§ 200, 218, 246, 248 *et seq.*

99.     All outside paragraphs of this Complaint are incorporated into this section.

100.     Defendants knowingly and intentionally failed in their affirmative obligation to pay sick leave wages to Plaintiff and Class Members in violation of Labor

Code §§ 246 and 248 *et seq.* Paid sick leave earnings constitute wages for purposes of California wage and hour law. (*Murphy v. Kenneth Cole Productions, Inc.* (2007) 40 Cal. 4th 1094, 1103 ["Courts have recognized that 'wages' also include those benefits to which an employee is entitled as a part of his or her compensation, including money, room, board, clothing, vacation pay, and sick pay"].)

101.   Labor Code § 246(l) governs how Defendants were required to calculate paid sick leave:

> [A]n employer shall calculate paid sick leave using any of the following calculations:
>
> > (1) Paid sick time for nonexempt employees shall be calculated in the same manner as the regular rate of pay for the workweek in which the employee uses paid sick time, whether or not the employee actually works overtime in that workweek.
> >
> > (2) Paid sick time for nonexempt employees shall be calculated by dividing the employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days of employment.
> >
> > (3) Paid sick time for exempt employees shall be calculated in the same manner as the employer calculates wages for other forms of paid leave time.

102.   Defendants failed to pay Plaintiff and the Class Members their paid sick leave wages at one of the lawful rates set forth in the statute because Defendants failed to include in their sick leave calculation the additional remuneration.

103.   Furthermore, to the extent the paid sick leave paid constitutes Covid-related paid sick leave, Defendants knowingly and intentionally failed in their affirmative obligation to pay Covid-19 Supplemental Sick Leave wages to the Paid Sick Leave Class at the correct rate in violation of Labor Code §§ 246 *et seq.*, including 248, 248.1, 248.2, 248.3, and 248.4, 248.6, 248.7.

104.    Under these sections of the Labor Code, employees must be paid for Covid-19 Supplemental Paid Sick Leave at the highest of the following: (1) the a heightened regular rate of pay based on preceding pay periods, (2) state minimum wage, (3) local minimum wage.

105.    Defendants failed to pay Covid-19 Supplemental Sick Leave in the manner described above because Defendants failed to include in their sick leave calculation the additional remuneration received by Class Members

106.    As a result, Defendants violated the Labor Code and are liable to Plaintiff and Class Members for underpaid sick leave wages, in addition to interest, attorneys' fees, and costs.

## FIFTH CAUSE OF ACTION

### UNTIMELY PAYMENT OF WAGES

### Violation of Labor Code §§ 204, 210, 218

107.    All outside paragraphs of this Complaint are incorporated into this section.

108.    This cause of action is brought pursuant to the IWC Wage Orders and Labor Code §§ 204, 204b, and 210 which require non-exempt employees be timely paid all wages owed each pay period, and which further provide a private right of action for an employer's failure to comply with this obligation.  Labor Code § 218 authorizes individuals to sue directly for wages and penalties due under these sections, including Labor Code § 210(c)'s statutory late payment penalties.

109.    Defendants willfully failed in their affirmative obligation to timely pay all wages, including paid sick pay and meal and rest premiums, earned by Plaintiff and class members twice during each calendar month on days designated in advance by the employer as regular paydays (for employees paid on a non-weekly basis) and on the regularly-scheduled weekly payday weekly employees, if any, in violation of Labor Code §§ 204 and 204b and the IWC Wage Orders (the "Minimum Wages" sections of the applicable orders).

CLASS AND COLLECTIVE ACTION COMPLAINT
*Mendez v. AE Retail West LLC et al.*

110.   Plaintiff and class members are entitled to recover the full amount of the unpaid wages, in addition to a statutory penalty in the amount of $100 for the initial violation for each failure to pay each employee and $200 for all subsequent violations and for all willful or intentional violations for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld under provided in Labor Code § 210, in addition to interest, attorneys' fees, and costs to the extent permitted by law.

## SIXTH CAUSE OF ACTION

### WAGE STATEMENT VIOLATIONS

### Violation of Labor Code § 226

111.   All outside paragraphs of this Complaint are incorporated into this section.

112.   This cause of action is brought by the Wage Statement Subclass pursuant to Labor Code § 226(a) which requires non-exempt employees be provided accurate itemized wage statements each pay period, and which further provide a private right of action for an employer's failure to comply with this obligation.

113.   Defendants knowingly and intentionally failed in their affirmative obligation provide accurate itemized wage statements to Plaintiff and the Wage Statement Subclass, resulting in injury to Plaintiff and class members.  Specifically, the wage statements issued to Plaintiff and the Wage Statement Subclass did not accurately state each pay period all of the information required by Labor Code § 226(a)(1)-(9).

114.   Defendants' unlawful acts and omissions deprived Plaintiff and the Wage Statement Subclass of accurate itemized wage statements, causing confusion and concealing wage and premium underpayments.

115.   As a result, Plaintiff and the Wage Statement Subclass are entitled to recover the statutory penalty of $50 per employee for the initial pay period in which a violation occurred and $100 per employee for each violation in a subsequent pay period, up to an aggregate penalty of $4,000 per employee, in addition to interest, attorneys' fees, and costs to the extent permitted by law, including under Labor Code section§ 226(e).

CLASS AND COLLECTIVE ACTION COMPLAINT
*Mendez v. AE Retail West LLC et al.*

## SEVENTH CAUSE OF ACTION

### WAITING TIME PENALTIES

#### Violation of Labor Code §§ 201 *et seq.*

116. All outside paragraphs of this Complaint are incorporated into this section.

117. This cause of action is brought by the Waiting Time Subclass pursuant to Labor Code §§ 201 through 203, which require an employer to timely pay all wages earned upon termination of employment, and which further provide a private right of action to recover statutory waiting time penalties each day an employer fails to comply with this obligation, up to a maximum of 30 days wages.

118. Defendants willfully failed and continue to fail in their affirmative obligation to pay all wages earned and unpaid to Plaintiff and members of the Waiting Time Class immediately upon termination of employment or within 72 hours thereafter for employees who did not provide at least 72 hours prior notice of his or her intention to quit, and further failed to pay those sums for 30 days thereafter in violation of Labor Code §§ 201 through 203 and the IWC Wage Orders.

119. Plaintiff and the Waiting Time Subclass are entitled to recover to a waiting time penalty for a period of up to 30 days, in addition to interest, attorneys' fees, and costs to the extent permitted by law.

## EIGHTH CAUSE OF ACTION

### UNFAIR COMPETITION

#### Violation of Business and Professions Code §§ 17200 *et seq.*

120. All outside paragraphs of this Complaint are incorporated into this section.

121. Defendants have engaged and continue to engage in unfair and/or unlawful business practices in the State of California in violation of California Business and Professions Code § 17200 by committing the foregoing wage and hour violations alleged throughout this Complaint.

122. Defendants' dependance on these unfair and/or unlawful business practices deprived Plaintiff and continue to deprive other class members of

- 22 -

compensation to which they are legally entitled, constitutes unfair and/or unlawful competition, and provides an unfair advantage to Defendants over competitors who have been and/or are currently employing workers in compliance with California's wage and hour laws. These failures constitute unlawful, deceptive, and unfair business acts and practices in violation of Business and Professions Code §§ 17200 *et seq.*

123. Plaintiff is a victim of Defendants' unfair and/or unlawful conduct alleged in this Complaint, and Plaintiff, as an individual and on behalf of others similarly situated, seeks full restitution of the moneys as necessary and according to proof to restore all monies withheld, acquired, and/or converted by Defendants pursuant to Business and Professions Code §§ 17203 and 17208.

124. Plaintiff does not have an adequate remedy at law for past or future violations, to the extent the statute of limitations on each of the alleged causes of action do not extend to the four-year limitation provided under the UCL or to the extent the underlying Labor Code and IWC Wage Order violations do not provide a private right of action.

125. Plaintiff and class members are entitled to injunctive relief against Defendants, restitution, and other equitable relief to return all funds over which Plaintiff and class members have an ownership interest and to prevent future damage and the public interest under Business and Professions Code § 17200 *et seq.* Plaintiff and class members are further entitled to recover interest, attorneys' fees, and costs to the extent permitted by law, including under Code of Civil Procedure § 1021.5.

## **PRAYER**

Plaintiff prays for judgment as follows:

a. For certification of this action as a class action;

b. For appointment of Plaintiff as the class representative;

c. For appointment of above-captioned counsel for Plaintiff as Class Counsel;

d. For division of class members into appropriate classes and/or subclasses according to proof;

e.    For facilitated notice under 29 USC § 216(b).

f.    For recovery of damages in amount according to proof;

g.    For all recoverable pre- and post-judgment interest;

h.    For recovery of all civil and statutory penalties and liquidated damages;

i.    For disgorgement of all amounts wrongfully obtained;

j.    For restitution and injunctive relief;

k.    For reasonable attorneys' fees and costs of suit, including expert fees, to the extent permitted by law, including (without limitation) under 29 U.S.C. § 216(b), Labor Code §§ 218.5, 226, 1194, and Code of Civil Procedure section 1021.5; and

l.    For such other relief the Court deems just and proper.

Dated: February 10, 2023            *Ferraro Vega Employment Lawyers, Inc.*

*Nicholas J. Ferraro*
_____
Nicholas J. Ferraro
*Attorneys for Plaintiff Samantha Mendez*

CLASS AND COLLECTIVE ACTION COMPLAINT
*Mendez v. AE Retail West LLC et al.*